## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## WESTERN DIVISION

**IGNACIO TORREZ ACOSTA, #56459-097**                                **PLAINTIFF**

**versus**                                **CIVIL ACTION NO. 5:08cv170-DCB-MTP**

**CONSTANCE REESE, et al.**                                **DEFENDANTS**

## REPORT AND RECOMMENDATION

This matter is before the court on the Defendants' Motion to Dismiss or, in the

Alternative, for Summary Judgment [22]. Having reviewed the submissions of the parties, and

the applicable law and being fully advised in the premises, the undersigned recommends that the

Defendants' Motion [18] be GRANTED and that this matter be dismissed without prejudice for

Plaintiff's failure to exhaust administrative remedies.

FACTUAL BACKGROUND

Plaintiff Ignacio Torrez Acosta was convicted of conspiracy to manufacture, distribute

and possess with intent to distribute [methamphetamine]; distribution, aiding and abetting; and

possession, aiding and abetting. On May 30, 1995, Plaintiff was sentenced to a term of 360

months imprisonment by the Honorable Judge Price in the Eastern District of California.

Plaintiff is projected to be released from serving his criminal sentence on April 26, 2020. A

detainer is on file and Plaintiff may be deported when he completes his sentence. *See* Exhs. 1, 2

& 3 to Motion to Dismiss.

Plaintiff, proceeding *pro se*, filed his complaint on or about March 26, 2008, against the

following Defendants: Constance Reese, former Warden at the Federal Correctional Complex in

Yazoo City, Mississippi ("FCC Yazoo City"); Russell A. Perdue, Associate Warden at FCC

Yazoo City; Roy C. Cheatham, Captain at FCC Yazoo City; Salvatore A. Castelli, Sr., Deputy

Captain at FCC Yazoo City; Debra D. Dawson, Special Investigative Supervisor (SIS) at FCC Yazoo City; and Darryl L. Hooks, Unit Manager at FCC Yazoo City.[1]

The claims alleged in Plaintiff's complaint occurred while he was incarcerated in FCC Yazoo City.[2]

Plaintiff alleges that Defendants placed him in an "18-month Supermax-type atypical control unit" on August 20, 2007,[3] solely based on his Mexican descent or nationality. Plaintiff claims he was placed in this unit without notice of the charges or an opportunity to be heard. He claims he suffered significant hardships in this unit, including 158 hours per week or more of cell confinement, deprivation of haircuts and general population privileges, and deprivation of visitation, law library access and religious services. He claims that Defendants acted with deliberate indifference to his constitutional rights. Plaintiff seeks compensatory damages in the amount of $3 million; exemplary damages in the amount of $10 million; a restraining order to prevent Defendants from retaliating against him; and attorneys fees, costs, and interest. *See* Complaint [1] at 4-5.

On August 25, 2008, Defendants filed their Motion to Dismiss or, in the Alternative, for Summary Judgment [22]. In their Motion, Defendants argue that Plaintiff's claims should be dismissed because: 1) Plaintiff has failed to exhaust his administrative remedies; 2) Plaintiff has

---

[1]Attorney General Michael B. Mukasey (incorrectly spelled "Murksey" in the complaint) was dismissed as a defendant by the court's Order [8] dated April 24, 2008.

[2] Plaintiff is currently incarcerated at the Federal Correctional Institution in Jesup, Georgia.

[3] Defendants admit that Plaintiff was placed in the Special Housing Unit (SHU) on August 20 or 21, 2007, and that he was transferred to Unit F-2 (also called the "Restricted Unit") on September 26, 2007. This unit later came to be called the Gang Behavior Unit ("GBU"). On February 25, 2008, Plaintiff was released back to the general population. *See* Motion to Dismiss at 5-6 & accompanying exhibits.

failed to demonstrate a violation of his constitutional rights; and 3) Defendants are entitled to qualified immunity.

## STANDARD

Because the Defendants have submitted matters outside the pleadings with their Motion to Dismiss or, in the Alternative, for Summary Judgment [22], the motion should be characterized as a motion for summary judgment.  *See* Fed. R. Civ. P. 12(b); *Young v. Biggers*, 938 F.2d 565, 568 (5th Cir. 1991).

Summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).  Summary judgment is proper  "where a party fails to establish the existence of an element essential to his case and on which he bears the burden of proof."  *Washington v. Armstrong World Indus.*, 839 F.2d 1121, 1122 (5th Cir. 1988).  "A complete failure of proof on an essential element renders all other facts immaterial because there is no longer a genuine issue of material fact."  *Id.*

This court may grant summary judgment only if, viewing the facts in a light most favorable to the plaintiff, the defendant demonstrates that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law.  *Woods v. Smith,* 60 F.3d 1161, 1164 (5th Cir. 1995).   If the defendant fails to discharge the burden of showing the absence of a genuine issue concerning any material fact, summary judgment must be denied.  *John v. State of Louisiana,* 757 F.2d 698, 708 (5th Cir. 1985).  The existence of an issue of material fact is a question of law that this court must decide, and in making that decision, it must  "draw inferences most favorable to the party opposing the motion, and take care that no party will be

improperly deprived of a trial of disputed factual issues." *Id.* at 712 (quoting *U.S. Steel Corp. v. Darby*, 516 F.2d 961, 963 (5th Cir. 1975)).

There must, however, be adequate proof in the record showing a real controversy regarding material facts. "Conclusory allegations," *Lujan v. National Wildlife Federation*, 497 U.S. 871, 902 (1990), unsubstantiated assertions, *Hopper v. Frank*, 16 F.3d 92, 96-97 (5th Cir. 1994), or the presence of a "scintilla of evidence," *Davis v. Chevron U.S.A., Inc.*, 14 F.3d 1082, 1086 (5th Cir. 1994), is not enough to create a real controversy regarding material facts. In the absence of proof, the court does not "assume that the nonmoving party could or would prove the necessary facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (emphasis omitted).

## ANALYSIS

Plaintiff filed his complaint pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971) and 28 U.S.C. § 1331. A *Bivens* action mirrors a civil rights action brought under 42 U.S.C. § 1983, the difference being that a *Bivens* action applies to alleged constitutional violations by federal actors, while a Section 1983 action applies to alleged constitutional violations by state actors. *See Izen v. Catalina*, 398 F.3d 363, 367 n.3 (5th Cir. 2005).

Defendants claim, in part, that this matter should be dismissed because Plaintiff failed to exhaust his administrative remedies.[4] The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. §

---

[4] The BOP's Administrative Remedy Program ("ARP") is set forth at 28 C.F.R. § 542.10, *et seq.* The first step of the ARP process is the informal presentation of the issue to prison staff. If that does not resolve the issue, the inmate must submit a formal Request for Administrative Remedy. If the inmate is not satisfied with the warden's response to that request, he or she may submit an appeal to the appropriate BOP regional director, and may then appeal that decision to the General Counsel. That step "is the final administrative appeal" and its completion, therefore, constitutes exhaustion of administrative remedies.

1997e(a), requires prisoners to exhaust any available administrative remedies prior to filing suit under 42 U.S.C. § 1983 or "any other Federal law." Accordingly, federal prisoners filing suit under *Bivens* "must first exhaust inmate grievance procedures just as state prisoners must exhaust administrative processes prior to instituting a § 1983 suit." *Porter v. Russels*, 534 U.S. 516, 524 (2002); *see also Schipke v. Van Buren*, 239 Fed. Appx. 85, 86 (5th Cir. Aug. 30, 2007). A prisoner cannot satisfy the exhaustion requirement "by filing an untimely or otherwise procedurally defective administrative grievance or appeal" because "proper exhaustion of administrative remedies is necessary." *Woodford v. Ngo*, 548 U.S. 81, 83-84 (2006); *see also Johnson v. Ford*, 261 Fed. Appx. 752, 755 (5th Cir. Jan. 14, 2008) (stating that the Fifth Circuit takes "a strict approach" to the PLRA's exhaustion requirement) (citing *Days v. Johnson*, 322 F.3d 863, 866 (5th Cir. 2003)); *Lane v. Harris Cty. Med. Dep't.*, 2008 WL 116333, at *1 (5th Cir. Jan. 11, 2008) (stating that under the PLRA, "the prisoner must not only pursue all available avenues of relief; he must also comply with all administrative deadlines and procedural rules"). "Indeed . . . a prisoner must now exhaust administrative remedies even where the relief sought-monetary damages-cannot be granted by the administrative process." *Woodford*, 548 U.S. at 85.

It is clear from the record and from the parties' submissions that Plaintiff has failed to fulfill the requirements of the BOP's Administrative Remedy Program with respect to the claims asserted in this lawsuit. Indeed, the record reflects that the last time Plaintiff made any kind of formal administrative remedy filing was in October 2002.[5] *See* Exh. 26 to Motion to Dismiss. In

---

[5] This was a request to "retain Unicor benefits." *See* Exh. 26 to Motion to Dismiss. There are several "Inmate Request to Staff" forms (also known as "cop-outs") attached to plaintiff's Response to the Motion to Dismiss, dating from December 2007 through August 2008. *See* Exhs. I-O to Response [27-2]. Only one of them (Exh. M) appears to be related to the claims in this lawsuit: a February 26, 2008 form in which Plaintiff states that while he had been in F-2 he turned in numerous cop-outs for dental care for his broken tooth, but had not received any dental care and was experiencing pan and discomfort as a result. However, this form is merely the first level of the four level system employed by the Bureau of Prisons. *See Queen v. Outlaw*,

his Complaint and in his Response [27] to the Motion to Dismiss , Plaintiff concedes that he did not exhaust his administrative remedies. Plaintiff claims that he tried to exhaust, but that his requests were never answered by Defendants. However, even if this is true, "[t]he failure of prison officials to respond to a grievance does not constitute a valid excuse for failure to exhaust administrative remedies." *Johnson v. Cheney*, 2008 WL 534606, at * 3 (N.D. Tex. Feb. 8, 2008) (citations omitted); *see also Curry v. Alexandre*, 2006 WL 2547062, at * 3 (W.D. La. June 19, 2006 (*citing Wright v. Hollingworth*, 260 F.3d 357, 358 (5th Cir. 2001)) ("a plaintiff cannot be excused from the PLRA's mandatory exhaustion requirements based on allegations that his grievance(s) was ignored."). Indeed, BOP policy provides authority for inmates who do not receive timely responses to administrative remedy submissions to pursue their appeals. *See* 28 C.F.R. § 542.18.[6] It is undisputed that Plaintiff did not pursue any such appeals.

In the alternative, Plaintiff also claims that exhaustion of administrative remedies would have been futile or that the administrative remedy process was somehow unavailable to him. In his Response, Plaintiff appears to be alleging that the prison staff somehow deprived him of access to the grievance process and that "[t]his is the reason why Plaintiff could not reasonably expect to see any results from Administrative Remedies nor could he be expected to exhaust administrative remedies, and is the ultimate reason why Plaintiff took the approach of a Civil Action...." *See* Response [27] at 7.

"Exceptions to the exhaustion requirement are appropriate where the available

---

2007 WL 1138836, at * 2 (E.D. Tex. Apr. 17, 2007); *see also Curry v. Alexandre*, 2006 WL 2547062, at * 3 (W.D. La. June 19, 2006). Plaintiff did receive a response to this request from the Warden (dated April 10, 2008 - after he had filed the instant lawsuit). But Plaintiff has neither alleged nor demonstrated that he exhausted the remaining steps of the administrative remedy program as set forth in 28 C.F.R. § 542.10, *et seq.*

[6]"If the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level."

administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action." *Schipke*, 239 Fed. Appx. at 86 (*quoting Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir.1994)). Moreover, the Fifth Circuit has taken the position that exceptions to the exhaustion requirement only apply in "extraordinary circumstances," and the prisoner bears the burden of demonstrating the futility or unavailability of administrative review. *Id.* "[T]he mere fact that Petitioner believes his administrative review will be denied does not make [the administrative] remedy futile." *Cooper v. Berkebile*, 2008 WL 5061685 (N.D. Tex. Nov. 25, 2008) (citations omitted).

Plaintiff has failed to demonstrate that administrative remedies were either unavailable or wholly inappropriate or that pursuit of these remedies would have been futile. The record shows that Plaintiff was not only aware of the administrative remedy process, but that he utilized it to formally challenge a matter previously, as noted *supra*, as well as to submit informal "Inmate Request to Staff" forms. Indeed, Plaintiff's access to the administrative remedy procedure is confirmed in affidavits submitted by former Warden Reese (Exh. 30 to Motion to Dismiss) and Associate Warden Purdue (Exh. 31 to Motion to Dismiss). Both Warden Reese and Associate Warden Purdue aver that "[t]he Administrative Remedy Program was available for inmates [in GBU] to formally present complaints." Plaintiff does not refute these statements. Moreover, even assuming *arguendo* that Plaintiff was unable to file an administrative grievance while in GBU, he still could have exhausted administrative remedies once he was back in the general population (since February 25, 2008). Rather than pursue administrative remedies, however, Plaintiff instead filed the instant lawsuit on March 26, 2008.

<u>CONCLUSION</u>

Plaintiff failed to exhaust his administrative remedies and has failed to meet his burden of establishing that administrative remedies were either unavailable or wholly inappropriate to the

relief sought or that exhausting his claims would be futile. Accordingly, this matter should be dismissed without prejudice for failure to exhaust administrative remedies.

## RECOMMENDATION

For the reasons stated above, it is the recommendation of the undersigned that Defendants' Motion to Dismiss or, in the Alternative, for Summary Judgment [22] be granted, and that this matter should be dismissed without prejudice for Plaintiff's failure to exhaust administrative remedies.

## NOTICE OF RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within ten days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party. The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within ten days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS, the 18th day of December, 2008.

s/ Michael T. Parker
United States Magistrate Judge

8